UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CHAMBERS,<br><br>Defendant. | CASE NO. CR12-382-RSL<br><br>DETENTION ORDER RE: ALLEGATIONS OF VIOLATION OF CONDITIONS OF SUPERVISION |

THIS MATTER comes on for an initial hearing on the Petition of the United States Probation Office alleging that the defendant has violated the conditions of supervision.

The government appears through Assistant United States Attorney Gregory Gruber.

The defendant appears personally and represented by counsel, John Carpenter.

The U.S. Probation Office has filed (Dkt. 69, 72) a petition and supplemental violation alleging violations #1 through #7 of the terms and conditions of supervision (terms and conditions imposed by Judge Robert S. Lasnik, Dkt. 35, 40, 50, 68). The defendant has been advised of the allegation(s).

The Court schedules a hearing on the petition concerning all violations (1-7) to be held at the time and date below set forth before Judge Robert S. Lasnik:

*Date of hearing: Friday, March 22, 2019*

DETENTION ORDER RE: ALLEGATIONS OF
VIOLATION OF CONDITIONS OF
SUPERVISION - 1

<u>*Time of hearing: 10:30am*</u>

IT IS ORDERED that the defendant

__ Be released on an appearance bond, subject to the terms and conditions set forth thereon.

X Be detained because the defense did not overcome the rebuttable presumption that Mr. Chambers poses a serious risk of flight and potential for danger to the community, and there is no condition or combination of conditions that would reasonably ensure community safety or Mr. Chambers' appearance for court, including the upcoming revocation hearing. 18 U.S.C. Section 3143(a)(1).

The Court reviewed the allegations and considered the arguments and information presented during the detention hearing. The Court determined that the allegations are serious and repetitive, regarding failure to return and participate in the program for up to 120 days at the Residential Reentry Center at Pioneer Fellowship House, using a controlled substance, failure to report for drug testing, failure to obey laws by speeding and driving under the influence, failure to obey laws by eluding law enforcement, failure to follow instructions to report to the probation office, failure to follow through with mental health treatment, and failure to follow through with substance use disorder treatment. Dkt. 69, 72. The United States Probation Office reports that the defendant's mental health treatment providers completed an assessment, as ordered by the Court, on December 26, 2018 but he did not show up for appointments in January 2019. Dkt. 40, Dkt. 50 at 5, Dkt. 73 at 1-2.

The defense put on evidence that defendant has a job, and this is a significant tie to the community. Yet he does not appear to be stable -- he is failing to obtain treatment for mental illness and he is failing to submit to drug testing or drug treatment. These are important terms of supervised release – he is not safe to be in the community at this time because he allegedly is not complying with drug testing or treatment, or mental health treatment conditions (Dkt. 73 at 1-2). He has been absconding from supervision, which shows there is a significant risk of flight or failure to appear. (Dkt. 73 at 3). The defendant asserted during the hearing that he has a residential placement proposal where he can stay with a family member, yet at this time the Court cannot trust that the defendant will abide by the terms of any such placement. The defendant has allegedly absconded from the Residential Reentry Center, engaged in law violations, and did not participate in programs that Court had ordered him to complete. Dkt. 68 at 5, Dkt. 69 at 1; Dkt. 73 at 1-3. Mr. Chambers has repeatedly had problems controlling his behavior to comply with conditions of supervision, as shown by the Court's previous orders on violations that occurred in July and August 2018. Dkt. 50, 68.

The defendant is to be delivered as ordered by the Court for further proceedings. The Court finds that no clear and convincing evidence was presented to support release; thus the presumption of detention was not overcome.18 U.S.C. Section 3143(a)(1), CrR 32.1(a)(6), and CrR 46(d).

1   The clerks shall direct copies of this order to counsel for the United States, to counsel for

2   the defendant, the United States Marshal and to the United States Probation Office and/or

3   Pretrial Services Office.

4   Dated this 12th day of March, 2019.

Theresa L. Fricke
United States Magistrate Judge